HEARD NOVEMBER TERM, 1875.

## THEW *vs.* PORCELAIN MANUFACTURING COMPANY.

The decision in this case at April Term, 1874, (reported 5 S. C., 416,) not only set aside the confession of judgment made by Bullock, as the President of the company, but it also set aside and annulled the debt or demand on which the confession was founded. It follows that the plaintiff is estopped by that decision from any further proceeding to enforce the said debt or demand.

A proceeding to vacate a judgment of the Supreme Court, on the ground that the Court had exceeded its jurisdiction, must be by direct application to the Court itself and not by motion in the Court below.

BEFORE CARPENTER, J., AT EDGEFIELD, 1875.

After the decision of the Supreme Court in this case, at April Term, 1874, (reported 5 S. C., 415,) setting aside the judgment by confession given by Bullock, as President of the Southern Porcelain Manufacturing Company, to Thew, the plaintiff, a motion was made in the Court below that the defendant be required to plead or demur to the declaration upon which the confession of judgment was made. The motion was refused, and Thew, the plaintiff, appealed.

*Bonham, Aldrich*, for appellant.

*Carroll, Bacon & Addison*, contra.

February 17, 1876. The opinion of the Court was delivered by

WRIGHT, A. J. However erroneous may be the decisions of this Court, they cannot be held by the Court below to be utterly and absolutely void. This position is amply sustained by the high and controlling authorities cited on behalf of the respondents.

If by its decision in this case, at its April Term in 1874, this Court has exceeded its jurisdiction, that decision, it may be admitted, may be set aside. But the proceeding for that purpose must be direct and must be instituted *here* in this Court which rendered that decision.

It is indisputable that it cannot be done collaterally and by mere motion in the Court below. At law a judgment of the Circuit Court can only be set aside for error upon motion to be made in the Court by which such judgment was rendered.—*Ingram* vs. *Belk*, 2 Rich., 111.

In analogy to this well-established rule, it seems to follow that a judgment of this Court can only be avoided by a proceeding to be here instituted.

It is assumed, on the part of the appellant, that the appeal in this case heard and determined by this Court at its April Term, in 1874, was an appeal from the order of Judge Carpenter of March 10th, 1874.

Such presumption is wholly without foundation. It is true that the appeal, referred to as first presented by the respondents herein was in terms an appeal from that order.

That appeal this Court promptly declined to entertain, because the order in question, not being final in its character, was not the subject of appeal. In the course of the discussion upon that point, the remark was made by the Court that the appeal referred to ought to have been an appeal, not from the order of 10th of March, 1874, but from the ruling of the Circuit Judge refusing the motion to vacate the judgment.

Thereupon it was proposed by the counsel for the respondents herein that the notice and grounds of appeal should be regarded as if framed conformably to the suggestion of the Court; that all errors and omissions therein be waived, and, as all the material facts were presented to the Court, that the case should be heard upon the respondents' grounds of appeal, " that the Circuit Judge ought to have ordered that the said judgment be vacated and set aside, and,

he having failed to do so, that such order ought now to be made by this Court."

The proposition thus submitted was acceded to, and in the presence of the Court, by the consent of the appellant herein, the respondent in that proceeding.

The consent of the Court was not withheld, and the appeal was heard upon the general ground mentioned, which involved the whole merits of the case. The rules of procedure in this Court are undoubtedly subject to its control, and, with its permission, may be waived by consent of parties.

It is too clear for argument that the order moved for on the 10th March, 1874, that the judgment referred to be vacated and set aside, was an order final in its nature and "involving the merits," and that the ruling of the Circuit Judge in refusing it was, therefore, a proper subject of appeal.

The circumstances adverted to as attending the hearing of that appeal, it is true, are not recited in the decision thereupon pronounced by this Court.

Nor is this Court " bound to set forth on the record the facts upon which its jurisdiction depends."

"A Court which is competent by its constitution to decide on its own jurisdiction " may exercise it to a final judgment without setting forth in their proceedings the facts and evidence on which it is rendered.

The general rule seems to be "that nothing shall be intended to be out of the jurisdiction of a Supreme Court but that which specially appears to be so."—1 Smith's Leadg. Cas., (Am. Notes,) 822, 827 ; *Grignon's Lessee* vs. *Astor*, 2 Hand, 319. It follows, therefore, that by its decision upon the appeal in this case, at its April Term in 1874, this Court has in nowise transcended its jurisdiction, and by the effect of that decision the order of the Circuit Judge of 10th March, 1874, has undoubtedly been superseded and wholly avoided.

The decision of this Court in April, 1874, which has been referred to in express terms, ordered and adjudged that the judgment confessed by Rufus B. Bullock in this action be vacated and set aside.

But it remains to be considered whether, by that decision, it was not adjudged that Bullock was wholly without authority to contract, on behalf of the respondents herein, the debt secured by that confession of judgment. The motion to vacate the judgment was

based upon the grounds: 1. That Bullock had no authority to contract that debt on the credit of the respondents; 2. That if so authorized, yet he was without authority to secure the same by confession of judgment; and 3. That the judgment by confession, if even authorized by the respondents, was null and void by the operation and effect of the Act of the General Assembly of 1785. Each and all of these questions are fully and distinctly considered and adjudged in the decision of this Court, which has been referred to.

That such is the meaning and legal effect of that decision is apparent upon the paper itself. It requires, to be understood, no aid from the notice of motion, the return to the order to show cause or the evidence adduced at the hearing. It is an utter misconception to suppose that nothing else has been adjudged than that the judgment referred to be vacated and set aside. "It is not necessary that the point on which it is sought to estop should have been the *only one* in issue." "The estoppel of a judgment extends to the whole matter in dispute in the cause in which it is rendered, and, therefore, to every point decided between the parties in the course of the proceedings which led to the judgment."—1 Smith's Leadg. Cas., (English Notes) 590, (Am. Notes) 674.

It results that the debt or demand which the appellant seeks to enforce by requiring the respondents to plead, answer or demur to his declaration in this action, has already been adjudged by this Court to be without legal force or obligation as against the respondents.

The appellant is, therefore, estopped from again asserting by any legal proceedings that demand, and it is ordered that the appeal be dismissed.

*Moses,* C. J., concurred.

WILLARD, A. J. I concur with the majority of the Court to the extent of holding that the defendants were not bound to plead to the writ after the confession of judgment was set aside. It appears that the writ was issued as matter of form merely in order to carry into effect the terms of the confession previously made. Had the writ been issued and served in the first instance for the purpose of actual prosecution and a declaration filed, and subsequently had a judgment by confession been entered upon setting aside the confession for want of authority to make it, I think the defendants would be bound to plead to the declaration. But that does not appear to be the case before us.